

| | | |
|---|---|---|
| SIDLEY AUSTIN LLP<br>787 SEVENTH AVENUE<br>NEW YORK, NY 10019<br>(212) 839 5300<br>(212) 839 5599 FAX | BEIJING<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>FRANKFURT<br>GENEVA<br>HONG KONG<br>HOUSTON<br>LONDON | LOS ANGELES<br>NEW YORK<br>PALO ALTO<br>SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |
| bhoffart@sidley.com<br>(212) 839 6752 | FOUNDED 1866 | |

September 27, 2012

Marcia M. Waldron, Esquire
Clerk, United States Court of Appeals
   for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106-1790

> Re:   ***Benjamin v. Pa. Department of Public Welfare,***
>       **Nos. 11-3684, -3685 — Submission under Appellate**
>       **Rule 28(j) of the Federal Rules of Appellate Procedure, and**
>       **Request to Supplement Joint Appendix**

Dear Ms. Waldron:

    ***Rule 28(j) submission.*** Appellants call to the Court's attention the following new authority that is relevant to the issues in these appeals. The appeals are scheduled for argument on October 3, 2012.

    In *Marcus v. BMW of North Amer., Inc.*, 687 F.3d 583, 593-94 (3d Cir., Aug. 7, 2012), this Court held that a class "must be currently and readily ascertainable based on objective criteria." This holding supports Appellants' argument at pages 30 to 36 of their opening brief and pages 7-9 of their reply brief that the class certified here is too indefinite to serve as a proper class under Federal Rule 23. As the Court pointed out, one purpose of the "ascertainability" requirement is to make clear who will be bound by any final judgment. *Id.* at 593. Here, we have a class settlement that, by its terms, binds Appellants and numerous State Center residents with profound intellectual disabilities to various requirements, such as annual obligations to disclaim any willingness to be removed from their homes and conditions applicable to their removals if they fail to make such a disclaimer at any time in the future. And yet, the parties are still arguing about whether or not Appellants and others like them are members of the class. That dispute underscores the failure of this class to meet the requirement that its members be "currently and readily ascertainable."

    *Marcus* also reiterates the importance of the requirement that no class be certified if the individualized issues presented by a cause of action predominate over the common issues in the case. 687 F.3d at 600-12 (holding that individualized issues of proximate causation

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.



Marcia M. Waldron, Esquire
September 27, 2012
Page 2

precluded certification of contract and warranty claims and might preclude certification of New Jersey statutory claim for consumer fraud). The Court explained that the "predominance" requirement under Rule 23(b)(3) assures that a class is "sufficiently cohesive." *Id.* at 600, *citing Amchem Prods. v. Windsor*, 521 U.S. 591, 623 (1997). As Appellants have argued (Op. Br. at 40), this same type of "cohesiveness" is required for certification of a class under Rule 23(b)(2).

***Request to supplement Appendix.*** In preparing for argument, counsel realized that, although they included plaintiffs' Unopposed Motion for Class Certification and related documents in the Joint Appendix, beginning at JA103, they neglected to include plaintiffs' proposed form of order (Dkt. No. 15, Attach. 5), even though they argue in their Opening Brief (p. 29) that the trial court's order certifying the class "adopted as its own the findings proposed by plaintiffs, without modification." Accordingly, for the convenience of the Court, Appellants respectfully request leave to provide plaintiffs' proposed form of order to the Court as a supplement to the Joint Appendix, and they have included it with this letter. Appellants shall file a formal motion seeking this relief if the Court so requests.

Respectfully submitted,

Benjamin J. Hoffart

cc:    Carl A. Solano, Esquire
       Robert W. Meek, Esquire
       Doris M. Leisch, Esquire
       Nancy Shane Rappaport, Esquire
       Nathaniel S. Pollock, Esquire
       Jeremy Heep, Esquire

# Attachment 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

FRANKLIN BENJAMIN, by and through his next friend, Andreé Yock; RICHARD GROGG and FRANK EDGETT, by and through their next friend, Joyce McCarthy; SYLVIA BALDWIN, by and through her next friend, Shirl Meyers; ANTHONY BEARD, by and through his next friend, Nicole Turman, on behalf of themselves and all others similarly situated,

    Plaintiffs,

    v.       Civil Action No. 1:09-cv-1182-JEJ

DEPARTMENT OF PUBLIC WELFARE OF THE COMMONWEALTH OF PENNSYLVANIA and
ESTELLE B. RICHMAN, in her official capacity as Secretary of Public Welfare for the Commonwealth of Pennsylvania,

    Defendants.

Class Action

(Judge Jones)

_____

## **ORDER**

Upon consideration of Plaintiffs' Unopposed Motion for Class Certification, it is hereby ORDERED on this _____ day of _____, 2009 as follows:

  1.  Plaintiffs' Motion is GRANTED based on the following findings:

    a.  The requirements of Federal Rule of Civil Procedure 23(a) are satisfied.

    (1)  The evidence indicates that there are more than 1,200 class members. These individuals have intellectual disabilities and have low incomes, making it unlikely that they would file individual lawsuits. In addition, the class members are dispersed throughout the Commonwealth, undermining the expediency of joinder. The class is thus too numerous to make joinder practicable.

    (2)  There are questions of law and fact common to the named individual Plaintiffs and members of the class: (a) whether Defendants have a viable integration plan for residents of state-operated ICFs/MR; (b) whether Defendants properly evaluate residents of state-operated ICFs/MR to assess their community service and support needs; (c) whether Defendants' policies and practices, including its administration of its waiting list process, effectively exclude class members from accessing the community mental retardation system; (d) whether Defendants' failure to offer and, if not opposed, provide services and supports in more integrated community settings to class members violates the integration mandates of the ADA and RA; and (e) whether Defendants use methods of administration that have the effect of discriminating against individuals with disabilities in violation of the ADA and RA.

(3) The claims of the individual Plaintiffs are typical of those of the class members. The individual Plaintiffs' and class members' claims arise out of the same policies, practices, and procedures of Defendants and are based on the same legal theories under the Americans with Disabilities Act and the Rehabilitation Act.

(4) The individual Plaintiffs will fairly and adequately prosecute this lawsuit. They have no interests antagonistic to the class or subclass members and they have retained qualified counsel to represent them and the class.

b. The requirements of Federal Rule of Civil Procedure 23(b)(2) are satisfied since final declaratory and injunctive relief will be appropriate for the class as a whole.

2. Plaintiffs Franklin Benjamin, by and through his next friend, Andreé York, Richard Grogg and Frank Edgett, by and through their next friend, Joyce McCarthy, Sylvia Baldwin, by and through her next friend, Shirl Meyers, and Anthony Beard, by and through his next friend, Nicole Turman, are hereby certified as class representatives.

3. This case shall proceed on behalf of the following class:

> All persons who: (1) currently or in the future will reside in one of Pennsylvania's state-operated intermediate care facilities for persons with mental retardation; (2) could

3

reside in the community with appropriate services and supports; and (3) do not or would not oppose community placement.

_____
The Honorable John E. Jones, III
United States District Judge

4