

The Philadelphia Building
1315 Walnut St., Suite 500
Philadelphia, PA 19107-4705
(215) 238-8070 (Voice)
(877) 375-7139 (TDD)
www.drnpa.org

September 28, 2012

Marcia M. Waldron, Clerk of Court
United States Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re:   *Benjamin, et al. v. Pennsylvania Dep't of Public Welfare*,
              Nos. 11-3684 and 11-3685

Dear Ms. Waldron:

Plaintiffs and Defendants, Appellees in these cases, submit this letter in response to Appellants' Rule 28(j) submission dated September 27, 2012.

Appellants' citation to *Marcus v. BMW of North America, LLC*, 687 F.3d 583 (3d Cir. 2012), is inapt. The Court in *Marcus* noted that "*at least with respect to actions under Rule 23(b)(3),*" the class must be currently and readily ascertainable. *Id.* at 592-93 (emphasis added). The class in this case was certified under Rule 23(b)(2), not Rule 23(b)(3).

In any event, as discussed in Appellees' Consolidated Brief at 29-35, the class certified in this case is sufficiently ascertainable. The *Marcus* Court noted that a class would not be ascertainable "[i]f class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials' ...." *Marcus*, 687 F.3d at 593. Here, the district court did not engage in any individualized fact-finding or mini-trials to ascertain class members, and the Settlement Agreement has been implemented without any need for judicial review of who is or is not a class member.

Moreover, the purposes of the ascertainability requirement identified in *Marcus*, 687 F.3d at 593, further undermine Appellants' contention. Certification of the class in this case did not result in any "serious administrative burdens" relating to

**Protecting and advancing the rights of people with disabilities**

1414 N. Cameron St., Second Floor
Harrisburg, PA 17103-1049
(800) 692-7443 (Voice)

429 Fourth Avenue, Suite 701
Pittsburgh, PA 15219-1505
(412) 391-5225 (Voice)

Marcia M. Waldron, Clerk of Court
September 28, 2012
Page 2

identification of class members; all absent class members received notice because all state ICF/MR residents and their involved families and guardians received notice; and the defendants – who did not oppose certification – are protected.

Appellants' reliance on *Marcus*'s discussion of predominance, 687 F.3d at 600-12, also is misplaced. Again, as discussed in our Brief, this is not a Rule 23(b)(3) claim in which common issues must predominate. Appellees' Br. at 38 n.12. The class here amply satisfies the different cohesiveness requirement for Rule 23(b)(2). Appellees' Br. at 38-42.

Finally, Appellees do not object to Appellants' supplementation of the Appendix.

Respectfully,

Robert W. Meek
Counsel for Plaintiffs-Appellees

cc:   Carl A. Solano, Esquire
      Benjamin J. Hoffart, Esquire
      Nancy Shane Rappaport, Esquire
      Jeremy Heep, Esquire
      Nathaniel S. Pollack, Esquire